**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DISTRICT**

| | |
|---|---|
| THE STATE OF MISSOURI ex rel. ERIC S. SCHMITT;<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF ST. LOUIS;<br><br>ADAM L. LAYNE, TREASURER OF ST. LOUIS CITY;<br><br>DARLENE GREEN, COMPTROLLER OF ST. LOUIS CITY; and<br><br>DR. MATI HLATSHWAYO DAVIS, DIRECTOR OF HEALTH OF ST. LOUIS CITY,<br><br>*Defendants*. | Case No. 4:22-cv-00789 |

## PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

Plaintiff State of Missouri, ex rel. Eric S. Schmitt in his official capacity as Missouri Attorney General, moves under 28 U.S.C. § 1447 to remand this proceeding back to state court. In support thereof, Plaintiff states as follows:

1. On July 21, 2022, Plaintiff filed this case in the 22nd Judicial Circuit of Missouri, styled as *State of Missouri, ex rel. Eric S. Schmitt v. City of Saint Louis, et al.*, No. 2222-CC08920.

2. In this case, Plaintiff challenges the City of St. Louis's recently enacted Board Bill 61, which violates State law by using taxpayer-funded resources to support, encourage, and assist out-of-state abortions.

1

3. On July 27, 2022, Defendants filed a Notice of Removal, attempting to remove this case to federal court on the basis of federal question jurisdiction.

4. Defendants do not argue that any other basis for removal exists.

5. The plaintiff is the master of his or her claim such that "the plaintiff may avoid federal jurisdiction by relying on state law exclusively." *Thompson v. Reliant Care Mgmt. Co., LLC*, 356 F. Supp. 3d 821, 826 (E.D. Mo. 2018).

6. All four of Plaintiff's causes of action arise solely under Missouri law, so Plaintiff relies exclusively on state law.

7. A mere reference to federal statutes or case law in a complaint is not sufficient to create federal question jurisdiction. *Bowler v. Alliedbarton Sec. Servs., LLC*, 123 F. Supp. 3d 1152 (E.D. Mo. 2015)

8. Counterclaims do not form an individual basis for federal question jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002)

9. The existence of a federal defense does not create federal question jurisdiction. *Wells-Williams v. Bi-State Dev.*, 2016 WL 6873451, at *2 (E.D. Mo. Nov. 22, 2016)

10. Accordingly, there is no federal question at issue and federal question jurisdiction does not exist.

11. Because this Court lacks subject matter jurisdiction, 28 U.S.C. § 1447(c) requires that this case be remanded back to state court. *Dailey v. Bridgeton Landfill, LLC*, 2020 WL 1332093, *3 (E.D. Mo. 2020).

For the foregoing reasons, and for the reasons explained in the accompanying Memorandum in Support of this Motion, Plaintiff respectfully requests that the Court remand this case back to state court.

Dated: August 19, 2022

Respectfully submitted,

**ERIC S. SCHMITT**
Missouri Attorney General

/s/ *Maddie M. Green*
D. John Sauer, #58721
   *Solicitor General*
Maria A. Lanahan, #65956
   *Deputy Solicitor General*
Maddie M. Green, #73724
Office of the Attorney General
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870
(573) 751-0774 (fax)
John.Sauer@ago.mo.gov
Maria.Lanahan@ago.mo.gov
Maddie.Green@ago.mo.gov

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on August 19, 2022, a true and correct copy of the foregoing was filed with the Court's electronic filing system to be served by electronic methods on counsel for all parties entered in the case.

                                                                                              */s/ Maddie M. Green*