UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| THE STATE OF MISSOURI ex rel. ERIC S. SCHMITT;<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF ST. LOUIS;<br><br>ADAM L. LAYNE, TREASURER OF ST. LOUIS CITY;<br><br>DARLENE GREEN, COMPTROLLER OF ST. LOUIS CITY; and<br><br>DR. MATI HLATSHWAYO DAVIS, DIRECTOR OF HEALTH OF ST. LOUIS CITY,<br><br>*Defendants*. | Case No. 4:22-cv-00789 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO REMAND CASE TO STATE COURT**

Plaintiff State of Missouri, ex rel. Eric S. Schmitt in his official capacity as Missouri Attorney General, moves under 28 U.S.C. § 1447 to remand this proceeding back to state court. In support thereof, Plaintiff states as follows:

**PRELIMINARY STATEMENT**

On July 21, 2022, Plaintiff filed this case in the 22nd Judicial Circuit of Missouri, styled as *State of Missouri, ex rel. Eric S. Schmitt v. City of Saint Louis, et al.*, No. 2222-CC08920.  In this case, Plaintiff challenges the City of St. Louis's recently enacted Board Bill 61, which violates State law by using taxpayer-funded resources to support, encourage, and assist out-of-state abortions.  On July 27, 2022, Defendants filed a Notice of Removal, attempting to remove this

1

case to federal court on the basis of federal question jurisdiction. Defendants do not argue that any other basis for removal exists.

No federal question is presented on the face of the Petition. The Court, therefore, has no subject matter jurisdiction. The law requires that this case be remanded back to state court. 28 U.S.C. § 1447(c).

## **LEGAL STANDARD**

"Federal Courts are courts of limited jurisdiction." *Dailey v. Bridgeton Landfill, LLC*, 2020 WL 1332093, *3 (E.D. Mo. 2020) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. "A federal district court may exercise removal jurisdiction only where the court would have had original subject-matter jurisdiction had the action initially been filed there." *Id*. (citing *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000)); *see* 28 U.S.C. § 1441(a).

For actions removed on the basis of federal question jurisdiction, the Court must determine whether the Petition asserts a claim "arising under the Constitution, laws, or treaties of the United States," that would provide federal question jurisdiction over the case. 28 U.S.C. § 1331. "The presence or absence of such jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dailey,* 2020 WL 1332093, *3 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (cleaned up). "This rule makes plaintiff the master of his or her claim such that the plaintiff may avoid federal jurisdiction by relying on state law exclusively." *Thompson v. Reliant Care Mgmt. Co., LLC*, 356 F. Supp. 3d 821, 826 (E.D. Mo. 2018) (citing *Caterpillar*, 482 U.S. at 392). "Furthermore, defendants are not permitted to inject

2

a federal question into an otherwise state law claim and thereby transform the action into one arising under federal law." *Id*. (internal quotations omitted).  A complaint that merely references federal law is not sufficient to create federal question jurisdiction. *Bowler v. Alliedbarton Sec. Servs., LLC*, 123 F. Supp. 3d 1152, 1158 (E.D. Mo. 2015).

The party seeking removal has the burden to establish federal subject matter jurisdiction, and courts must resolve all doubts about federal jurisdiction in favor of remand. *Daily*, 2020 WL 1332093, *3.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*. (citing 28 U.S.C. § 1447(c)).

## ARGUMENT

There is no federal question at issue in this case.  All four of Plaintiff's causes of action arise solely under Missouri law, which has long prohibited the use of public funds, public employees, and public facilities to support, encourage, or assist abortion.  *See Caterpillar,* 482 U.S. at 392 (the Plaintiff is "the master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law."); s*ee also* §§ 188.205, 188.210, 188.215, RSMo.  Missouri law makes it "unlawful for any public funds to be expended for the purpose of … assisting an abortion … or for the purpose of encouraging … a woman to have an abortion not necessary to save her life." § 188.205, RSMo.  Missouri law makes it "unlawful for any public employee within the scope of his employment to … assist an abortion," or for a healthcare worker "who is a public employee within the scope of his public employment to encourage … a woman to have any abortion not necessary to save her life." § 188.210, RSMo.  Additionally, Missouri law makes it "unlawful for any public facility to be used for the purpose of … assisting an abortion not necessary to save the life of the mother for the purpose of encouraging … a woman to have any abortion not necessary to save her life." § 188.215, RSMo.  The crux of Plaintiff's claims is that Defendants,

in implementing Board Bill 61, violate *Missouri* law by using taxpayer-funded resources to support, encourage, and assist out-of-state abortions. Plaintiff relies exclusively on state law. Because federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," and the Petition does not allege a federal question, this Court does not have subject matter jurisdiction. *Caterpillar*, 482 U.S. at 392.

In their Notice of Removal, Defendants argue that Plaintiff's allegations that Defendants received federal American Rescue Plan Act ("ARPA") funds create "a contested federal issue which is both substantial and implicates a serious federal interest, i.e., the appropriation and regulation of federal funds." ¶ 4. They argue, therefore, "a federal question is presented on the face of the Petition." *Id.* Not so. Board Bill 61 funds the Reproductive Equity Fund with $1.5 million in federal ARPA funds. It also provides $250,000 in federal ARPA funds for "administrative oversight and evaluation" of the Reproductive Equity Fund. But these facts are included in the Petition to show that the City is using "public funds" to pay for abortion-related logistical support, which is a critical element of § 188.205, RSMo.[1] The inclusion of these facts does not create a federal issue.

Further, Defendants seemingly contend that Plaintiff's reference to *Dobbs v. Jackson Women's Health Org.,* No. 19-1392, 597 U.S. __ (2022), confers federal question jurisdiction. While it is true that the State of Missouri is authorized, pursuant to *Dobbs,* to "regulate abortion[,]" the mere reference to federal case law in the State's Petition in support of its position is not sufficient to create federal question jurisdiction. *Bowler v. Alliedbarton Sec. Servs., LLC*, 123 F. Supp. 3d 1152 (E.D. Mo. 2015) ("To the extent Defendant argues that this court has federal

---

[1] "Public funds" include any funds received or controlled by Missouri, its agencies, or political subdivisions. It also includes funds derived from federal, state, or local taxes, gifts, grants, or payments. § 188.200. *See* Petition, ¶ 54.

question jurisdiction simply because Plaintiffs quote or refer to federal statutes or case law in their First Amended Class Action Petition, such a 'mere reference … is not sufficient to create federal question jurisdiction.'").

Finally, the basis for federal question jurisdiction must arise "within the four corners of the complaint." *Caterpillar*, 428 U.S. at 392. To the extent that Defendants argue as such, their counterclaims do not form an independent basis for federal question jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002) ("counterclaims are inadequate to confer federal jurisdiction.").[2] Likewise, the existence of a federal defense, including a defense of preemption, does not create federal question jurisdiction. *Wells-Williams v. Bi-State Dev.*, 2016 WL 6873451, at *2 (E.D. Mo. Nov. 22, 2016) (citing *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also Caterpillar,* 428 U.S. at 392 (It is settled law that "a case may *not* be removed to federal court on the basis of a federal defense.").

Because there is no federal question presented on the face of the Petition, this Court has no subject matter jurisdiction and the case must be remanded. 28 U.S.C. § 1447(c).

## **CONCLUSION**

For the foregoing reasons, Plaintiff State of Missouri respectfully requests that the Court remand this case back to state court.

---

[2] *See also* 32A Am. Jur. 2d Federal Courts § 1301 ("Counterclaims may not be relied upon in the removal context to establish federal jurisdiction."); § 3722 Removal Based on Federal-Question Jurisdiction, 14C Fed. Prac. & Proc. Juris. § 3722 (Rev. 4th ed.) (It is insufficient for the federal issue to enter the case through a counterclaim asserted by the defendant).

Dated: August 19, 2022                                    Respectfully submitted,

                                                    **ERIC S. SCHMITT**
Missouri Attorney General

/s/ *Maddie M. Green*
D. John Sauer, #58721
    *Solicitor General*
Maria A. Lanahan, #65956
    *Deputy Solicitor General*
Maddie M. Green, #73724
    *Assistant Attorney General*
Office of the Attorney General
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870
(573) 751-0774 (fax)
John.Sauer@ago.mo.gov
Maria.Lanahan@ago.mo.gov
Maddie.Green@ago.mo.gov

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 19, 2022, a true and correct copy of the foregoing was filed with the Court's electronic filing system to be served by electronic methods on counsel for all parties entered in the case.

/s/ Maddie M. Green