UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| THE STATE OF MISSOURI ex rel. ERIC S. SCHMITT;<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF ST. LOUIS;<br><br>ADAM L. LAYNE, TREASURER OF ST. LOUIS CITY;<br><br>DARLENE GREEN, COMPTROLLER OF ST. LOUIS CITY; and<br><br>DR. MATI HLATSHWAYO DAVIS, DIRECTOR OF HEALTH OF ST. LOUIS CITY,<br><br>*Defendants*. | Case No. 4:22-cv-00789 |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

This is not the first time that the City of St. Louis and its officials have filed a meritless notice of removal to delay adjudication of a pending motion for preliminary injunction in state court. Last year, the City joined St. Louis County in filing a notice of removal of a state-court action just before a Friday-afternoon injunction hearing in a case brought against them by the Attorney General of Missouri. *See State ex rel. Schmitt v. Page*, No. 4:21-CV-00948-SRC, 2021 WL 3286787, at *1 (E.D. Mo. Aug. 1, 2021). Two days later, this Court issued a *sua sponte* remand order, noting the extraordinary nature of the City's attempt at removal: "In this case, the Missouri Attorney General filed suit in Missouri state court on behalf of the people of Missouri against Missouri local governments and officials, claiming numerous violations of the Missouri

1

constitution, a recently-passed Missouri statute, and other Missouri laws." *Id.*  The Court held that "[t]his case is a Clifford-sized 'state dog,' with a whisp of a 'federal tail' at best," *id.* at *5, and remanded all state-law claims in the case *sua sponte*.  *Id.*

This case bears a striking resemblance to *State ex rel. Schmitt v. Page*, as Defendants' response brief makes clear.  Here, "the Missouri Attorney General filed suit in Missouri state court on behalf of the people of Missouri against Missouri local government[] and officials, claiming numerous violations of … Missouri laws."  *Id.*  As in *Page*, "the Missouri local government[] and officials seek to avoid having the Missouri state courts decide the … issues of Missouri state law that permeate this case."  *Id.* at *1.  Likewise, as in *Page*, the Missouri Attorney General promptly filed a motion for injunctive relief in state court; but, rather than defending their conduct in state court, the City and its officials filed a meritless removal motion that serves only to delay the prompt adjudication of the Missouri Attorney General's claim for equitable relief.  In *Page* there was, at least, a "slender reed" or "whisp" of a basis for federal jurisdiction, *id.* at *1, *5; but here, there is none at all—as Defendants' response brief reveals.

First, Defendants have not shown that this case is one of the "special and small category" of state law cases that belong in federal court to vindicate federal interests.  *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 331 (8th Cir. 2016).  It is their burden to clearly establish federal jurisdiction, *Bailey v. Bridgeton Landfill, LLC*, 2020 WL 1332093, *3 (E.D. Mo. 2020), because they have not, this Court must remand.

Defendants principally claim that "the regulation of federal funds is the core issue in this case" and thus a "substantial" and "serious federal interest" exists.  Opp., Doc. 27 at 5.  They chiefly rely on *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 319 (2005), and *County of St. Charles v. Missouri Family Health Council*, 107 F.3d 684 (8th Cir. 1997), to

contend that a declaration over the use of a federal appropriation guarantees federal jurisdiction when a Missouri political subdivision violates longstanding state prohibitions on the use of public funds.  Doc. 27 at 5-7.  This argument is unconvincing.  Including facts in the State's Petition describing how the City of St. Louis allocated funds in its budget does not change that the action seeks declarations that the City is violating state law.  In its state-court Petition, Missouri did not ask the court to decide whether the City's use of ARPA funds for abortion-related services is a proper use of federal funds granted to address negative economic impacts of COVID-19 under ARPA or any other federal law.  The Petition requested that a state court compel a state political subdivision to follow the statutes of the State.  "[D]efendants are not permitted to inject a federal question into an otherwise state law claim and thereby transform the action into one arising under federal law."  *Thompson v. Reliant Care Mgmt. Co., LLC*, 356 F. Supp. 3d 821, 826 (E.D. Mo. 2018).

"[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  Defendants' removal violates all four prongs.  No federal-law issue, whether "substantial" or not, is "necessarily raised" or "actually disputed" in the case, since none appears on the face of the well-pleaded Petition.  *Id.*  And the City of St. Louis's pattern of running to federal court with meritless removal notices when it faces imminent injunction proceedings brought by the State in state court threatens to "disrupt[] the federal-state balance approved by Congress."  *Id.*; *see also Page*, 2021 WL 3286787, at *1, *5.  Missouri's courts are available to resolve state law claims, and Congress has not approved using federal forums to resolve internal, state law disputes between the sovereign State and its political subdivisions.  Many Missouri statutes organize and control the

3

discretion of its political subdivisions, and Congress did not intend to create federal jurisdiction for political subdivisions through an appropriation bill. Nor has Congress authorized the use of federal courts as a last-ditch refuge for litigants seeking to delay equitable proceedings in state court. Permitting a federal forum for such cases would be an "enormous shift of traditionally state cases into federal courts." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 319 (2005).

As both *Grable* and *County of St. Charles* demonstrate, there is no "substantial" federal issue necessarily raised or actually disputed. In *Grable*, the state quiet title action asked whether a federal tax sale of land was valid—which could undo the Internal Revenue Service's sale of land. *Id.* at 310. The Court explained that "[w]hether Grable was given notice within the meaning of the federal statute is thus an essential element of its [state] quiet title claim, and the meaning of the federal statute is actually in dispute," and that the federal government "has a direct interest in the availability of a federal forum to vindicate its own administrative action" and provide buyers of such land a federal forum with expertise in federal tax matters. *Id.* at 315.

Similarly, in *County of St. Charles*, a Missouri county applied for federal funds that Congress granted to a non-profit organization. 107 F.3d at 683. In its petition, the Missouri county asserted that it was unlawful to categorically deny it these federal funds because "it qualified for Title X funds and qualifications for those funds are determined by 42 U.S.C. § 300." *Id.* at 684. Notably, any declaration on the county's eligibility would turn on the interpretation of 42 U.S.C. § 300, which provides direction to Secretary for the Department of Health and Human Services on the factors to consider when distributing the grant money. The Eighth Circuit determined that "[t]he face of the County's petition contains the federal question of whether the parental consent policy can be a basis for denying the County's application for Title X funds." *Id.*

4

No such issues arise here, as any state court judgment would not affect the administration of federal law by federal officials. The Petition's critical elements[1] all involve the interpretation of Missouri's laws, such that "[a]ny interpretation by a federal court of the language of the [state laws] will only speak to how those [laws] should be construed in this state." *Great Lakes Gas Transmission*, 843 F.3d at 333. Defendants appear to claim that this case necessarily raises a federal issue because their *defense* will be that 31 C.F.R. § 35.12 prevents a state from imposing requirements on the use of the funds. *See* Doc. 27 at 2. But it is long settled that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Wells-Williams v. Bi-State Dev.*, 2016 WL 6873451, at *2 (E.D. Mo. Nov. 22, 2016). There is simply no substantial federal interest and no federal jurisdiction. The Court should remand if it even has a doubt. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) ("All doubts about federal jurisdiction should be resolved in favor of remand to state court.").

## **CONCLUSION**

For the foregoing reasons, Plaintiff State of Missouri respectfully requests that the Court remand this case back to state court.

---

[1] Notably, the "critical element" of the State's petition is not the use of ARPA funds, Doc. 27 at 6, but the definition of "public funds" in Mo. Rev. Stat. § 188.205 and their use, Doc. 19 at 4.

5

Dated: September 12, 2022                                Respectfully submitted,

**ERIC S. SCHMITT**
Missouri Attorney General

/s/ *D. John Sauer*
D. John Sauer, #58721
    *Solicitor General*
Maria A. Lanahan, #65956
    *Deputy Solicitor General*
Maddie M. Green, #73724
    *Assistant Attorney General*
Office of the Attorney General
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870
(573) 751-0774 (fax)
John.Sauer@ago.mo.gov
Maria.Lanahan@ago.mo.gov
Maddie.Green@ago.mo.gov

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 12, 2022, a true and correct copy of the foregoing was filed with the Court's electronic filing system to be served by electronic methods on counsel for all parties entered in the case.

                                                                                        */s/ D. John Sauer*