UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| THE STATE OF MISSOURI<br>ex rel. ERIC S. SCHMITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-00789-AGF |
| | ) | |
| THE CITY OF ST. LOUIS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action by the State of Missouri against the City of St. Louis arises out of the City's recently enacted Board Bill 61, by which the City established a "Reproductive Equity Fund" in order to provide access to abortion through logistical support, including the funding of childcare, transportation, and other logistical support needs.   The City funded the Reproductive Equity Fund with money it had received from the federal government's Coronavirus relief efforts under the American Rescue Plan Act ("ARPA"), 42 USC §§ 801-805.   The State filed a four-count complaint in state court, alleging that the City's actions violate state laws that prohibit the use of public funds, public employees, or public facilities to support, encourage, or assist abortion.

While the case was in state court, the State filed a motion for preliminary injunction seeking to enjoin the City from implementing Board Bill 61.   But before that motion was fully briefed, the City removed the case to this Court, invoking the Court's federal-question jurisdiction under 28 U.S.C. § 1331.   According to the City, federal-

question jurisdiction exists because the appropriation and regulation of federal funds is a substantial and contested federal issue in this case.

Following removal, the City moved to dismiss the complaint for failure to state a claim (ECF No. 12) and also filed an answer and counterclaim (ECF No. 16).   The City's counterclaim seeks to enjoin the State from seeking to enforce the state legislation at issue on the ground that such enforcement violates the federal and state constitutions.

The State, in turn, has moved to remand the case to state court (ECF No. 18) and to dismiss the City's counterclaim (ECF No. 29).   For the reasons set forth below, the Court will grant the State's motion to remand and will leave all other outstanding motions for resolution by the state court.

## **DISCUSSION**

A defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action.   28 U.S.C. § 1441(a).   "The party seeking removal has the burden to establish federal subject matter jurisdiction, and all doubts about federal jurisdiction must be resolved in favor of remand."   *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015) (citation omitted).

"[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'"   *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9–10 (1983)).   Under the well-pleaded complaint rule, "federal jurisdiction

2

exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, (1987).

"Federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).   "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."   *Id.*   Rather, "[f]ederal question jurisdiction exists [only] if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."   *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)).

As the City notes, even if federal law does not create the cause of action, "federal question jurisdiction may exist if [the plaintiff's] state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Great Lakes Gas Transmission*, 843 F.3d at 331 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). However, "[t]his rule applies only to a special and small category of cases that present a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous cases."   *Great Lakes Gas Transmission*, 843 F.3d at 331 (cleaned up and citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699–700 (2006)).

The State's complaint does not depend on any federal issue, let alone a sufficiently substantial one.   The City's sole basis for contending otherwise is to note that the

3

complaint involves the City's use of federal funds.    But the "federal funds lurking in the background of this case cannot serve as an independent basis for establishing jurisdiction."  *See Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1026 (7th Cir. 2001); *see also Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 633 (S.D.N.Y. 2013) ("[T]he mere existence of federal funds in the lawsuit does not create a substantial federal question."), *aff'd*, 586 F. App'x 604 (2d Cir. 2014).

The origin of the funds is irrelevant to the State's lawsuit, as is the City's right to receive those funds.    Only the propriety of the City's use of those funds is disputed. And that dispute centers solely on state law.    The State has not alleged that the City violated any federally-imposed restrictions on the use of ARPA funds or any other federal law.    Regardless of the outcome of this lawsuit, the City's receipt of federal funds is unaffected.    Under such circumstances, federal courts routinely hold that no federal question jurisdiction exists.    *See, e.g.*, *Scott v. Gate Gourmet, Inc.*, No. 220CV11033CASJPRX, 2021 WL 677897, at *7 (C.D. Cal. Feb. 22, 2021) ("[A]lthough plaintiffs' state law claims are indisputably made with reference the CARES Act, plaintiffs' claims do not arise from the disbursement of the federal funds or appear to require an interpretation of the legality of the government's disbursement of funds pursuant to the CARES Act that would raise an important issue to the federal system as a whole."); *Gingerich v. White Pigeon Cmty. Sch.*, 736 F. Supp. 147, 150–51 (W.D. Mich. 1990) (holding that a cause of action alleging illegal expenditure of federal funds in violation of state law did not give rise to federal question jurisdiction).

These facts distinguish this case from the cases relied upon by the City.    In those

4

cases, the plaintiff's qualification for federal funding was a central part of the plaintiff's claims.   *See Cnty. of St. Charles, Mo. v. Missouri Fam. Health Council*, 107 F.3d 682, 684 (8th Cir. 1997) (holding that a complaint that on its face sought a declaration that the plaintiff qualified for a federal Title X funds arose under federal law).   Such cases are inapposite.

In short, this case arises solely under state law, and the Court lacks subject-matter jurisdiction over it.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. ECF No. 18.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, in which it was filed.

**IT IS FURTHER ORDERED** that all other pending motions may be resolved by the state court following remand.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2022.